UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Ronald Francis Audette, III, | ) | C/A No. 8:25-cv-3781-JDA-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Anderson County, Anderson County Detention | ) | |
| Center, Unknown Correctional Officers, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Plaintiff does not appear to be presently incarcerated, although some of his claims are related to events that occurred while he was incarcerated at the Anderson County Detention Center. *See, e.g.*, ECF No. 1-2 at 5, 7, 9. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review the pleadings filed in this case for relief and submit findings and recommendations to the district court. For the reasons below, this action is subject to summary dismissal.

## BACKGROUND

**Procedural History**

Plaintiff commenced this action by filing a document that was construed as a civil rights complaint seeking relief under 42 U.S.C. § 1983. ECF No. 1. By Order dated May 7, 2025, Plaintiff was directed to file a complaint on the standard form. ECF No. 7. On May 27, 2025, Plaintiff filed a standard form complaint, along with attachments. ECF Nos. 1-2; 1-3. The Court construes these documents together as the Complaint filed in this matter.

1

By Order dated May 28, 2025, the Court notified Plaintiff that, upon screening in accordance with 28 U.S.C. § 1915, the Complaint was subject to summary dismissal for the reasons identified by the Court in its Order. ECF No. 16. The Court noted, however, that Plaintiff might be able to cure the deficiencies of his Complaint and granted Plaintiff twenty-one days to file an amended complaint. *Id*. at 8. Plaintiff was warned as follows:

> **If Plaintiff fails to file an amended complaint that corrects those deficiencies identified [in the Court's Order], this action will be recommended for summary dismissal pursuant to 28 U.S.C. § 1915 without further leave to amend.**

*Id*. at 9 (emphasis in original). Plaintiff has not filed an amended complaint, and the time to do so has lapsed.

The deadline to file an amended complaint under the Court's May 28 Order regarding amendment was June 18, 2025. *See* ECF No. 16. On June 23, 2025, Plaintiff filed a Motion, which the Court construed as seeking, in part, an extension of time to file an amended complaint. ECF Nos. 22; 24. The Court granted Plaintiff an extension by Order dated June 23, 2025, and the amended complaint was therefore due to be filed by July 14, 2025. ECF No. 24. However, Plaintiff has not filed an amended complaint, and he has not requested a further extension of time.

**Factual Allegations**

Plaintiff's original Complaint makes the following allegations. Plaintiff was arrested on March 8, 2025, for alleged domestic violence, after acting in self-defense in his home. ECF No. 1-2 at 5; 1 at 2. Both Plaintiff and his spouse were arrested without proper investigation or identification of a primary aggressor. ECF No. 1 at 2. Plaintiff's child was directly affected, including disrupted care and forced nutritional changes. *Id*. At the detention center, Plaintiff was subjected to excessive force when his arm was twisted behind his back, causing tendon damage,

despite full compliance. *Id*. Plaintiff was verbally abused, called "stupid," and told to "shut up" when inquiring about a magistrate. *Id*. Plaintiff was held for over 13 hours "in what appeared to be a retaliatory or punitive delay." *Id*. Plaintiff's spouse was handcuffed in the front and asked about pronouns while Plaintiff was not and was handcuffed behind his back, "indicating unequal and gender-biased treatment." *Id*. The criminal case against Plaintiff was disposed by the Solicitor's Officer for lack of evidence or legal basis. *Id*.

Based on these allegations, Plaintiff asserts five counts. For Count I, Plaintiff asserts a First Amendment claim because officers retaliated against Plaintiff for asserting his rights and attempted to coerce and compel speech in custody. *Id*. at 3. For Count II, Plaintiff asserts a Fourth Amendment claim because Plaintiff was arrested without probable cause and subjected to unnecessary and harmful force while fully compliant. *Id*. For Count III, Plaintiff asserts an Eighth Amendment claim because he endured cruel and unusual punishment in the form of verbal abuse, extended detention, and deliberate indifference to his medical condition. *Id*. For Count IV, Plaintiff asserts a Fourteenth Amendment claim because he was denied due process and equal protection under the law, including gender-based intake disparities. *Id*. For Count V, Plaintiff asserts an Eleventh Amendment claim because Defendants acted outside lawful authority in a manner inconsistent with the protections afforded by the Constitution. *Id*. For his relief, Plaintiff seeks compensatory and punitive damages as well as injunctive and declaratory relief. *Id*. at 3.

## STANDARD OF REVIEW

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

3

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

4

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As noted, although the Court must liberally construe the pro se complaint, a plaintiff must do more than make conclusory statements to state a claim for relief. *See Iqbal*, 556 U.S. at 677; *Twombly*, 550 U.S. at 555. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79; *see also Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994) (explaining that, although the court must liberally construe the pro se complaint, a plaintiff must do more than make mere conclusory statements to state a claim); *White v. White*, 886 F.2d 721, 723–74 (4th Cir. 1989) (dismissing complaint dismissed because it "failed to contain any factual allegations tending to support his bare assertion"). Thus, although a plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. DuPont*, 324 F.3d 761, 765 (4th Cir. 2003).

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

5

## DISCUSSION

**The Action is Subject to Dismissal Pursuant to Rule 41(b)**

This action is subject to dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Plaintiff was directed to file an amended complaint in accordance with this Court's Order dated May 28, 2025. ECF No. 16. Plaintiff was also given an extension of time to file his amended complaint. ECF No. 24. However, Plaintiff has not filed an amended complaint, and he has failed to correct the pleading deficiencies of the original Complaint. Plaintiff has failed to prosecute this case and has failed to comply with the Order of this Court. As Plaintiff has already ignored this Court's Order and deadlines, action less drastic than dismissal would not be effective. Accordingly, this case should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).

**Failure to State a Claim**

Additionally, this action is subject to dismissal because the allegations in the Complaint fail to state a claim for relief that is plausible and Plaintiff has not named a proper defendant subject to suit. To state a claim upon which relief can be granted, Plaintiff must do more than make mere conclusory statements. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. The Complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. The Court need only accept as true the Complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Plaintiff's allegations in the present Complaint fail to satisfy this standard.

Plaintiff's allegations are vague and conclusory and, as explained below, the Complaint fails to identify any individual responsible for the alleged violations of Plaintiff's rights. Plaintiff's conclusory assertions fail to satisfy the applicable pleading requirements. *See, e.g., Wright v. Cnty.*

6

*of York, S.C.*, C/A No. 0:22-cv-3407-CMC-PJG, 2022 WL 18635123, at *2 (D.S.C. Dec. 9, 2022) ("Plaintiff provides no facts that would explain who injured him or how, such as why his arrest was unlawful or how his detention has violated his rights.  He provides no facts about the defendants, and his purported requests for relief are conclusory and unclear."); *Montgomery v. United States*, C/A No. 5:14-CT-3279-H, 2016 WL 7647572, at *2 (E.D.N.C. Mar. 7, 2016) ("[Plaintiff does not conspicuously allege important details showing who caused the harm, or when and where it occurred.  The allegations contained in plaintiff's complaint . . . were too speculative, generalized, and conclusory to show a basis in fact and are, therefore, meritless."), *aff'd*, 654 F. App'x 635 (4th Cir. 2016).  The Complaint must therefore be dismissed for failure to state a claim upon which relief can be granted.  *See VanDerHorst v. South Carolina*, C/A No. 2:20-cv-2501-RMG-PJG, 2020 WL 4572739, at *2 (D.S.C. Aug. 7, 2020); Fed. R. Civ. P. 8 (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Iqbal*, 556 U.S. at 678 (stating Federal Rule of Civil Procedure 8 does not require detailed factual allegations, but it requires more than a plain accusation that the defendant unlawfully harmed the plaintiff, devoid of factual support).

**Defendants Entitled to Dismissal**

The Defendants named in this action are entitled to dismissal.  It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person."  *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001).  Inanimate objects such as buildings, facilities, and grounds do not qualify as "persons" and cannot act under color of state law.  *See Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-cv-2988-JMC, 2011 WL 2066551 (D.S.C. May 26, 2011) (noting the detention center was a building that was not amenable to suit under § 1983); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims

7

under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Similarly, the staff of an organization is not considered a person subject to suit under 42 U.S.C. § 1983, and groups of people may not be sued under § 1983. *See Dalton v. SCDC*, C/A No. 8:09-cv-260-CMC-BHH, 2009 WL 823931, at *2 (D.S.C. March 26, 2009) (dismissing the medical staff of SCDC and Prison Health Services as defendants because they were not persons).

The Anderson County Detention Center "is subject to dismissal because it is not a 'person' as defined by § 1983." *Richey v. McBride*, C/A No. 6:24-cv-00176-JDA-KFM, 2024 WL 2263083, at *4 (D.S.C. Apr. 15, 2024) (dismissing the Anderson County Detention Center), *R&R adopted by* 2024 WL 2258385 (D.S.C. May 16, 2024); *Graham v. Anderson Cnty. Det. Ctr.*, C/A No. 6:07-cv-3906-JFA-WMC, 2008 WL 1758512, at *1 (D.S.C. Apr. 17, 2008) ("Anderson County Detention Center should be dismissed as a party to this suit prior to service" because it is not a "person" subject to suit.); *Farr v. Anderson Cnty. Det. Ctr.*, C/A No. 9:06-cv-3436-CMC-GCK, 2007 WL 433263, at *3 (D.S.C. Feb. 1, 2007) ("The Anderson County Detention Center cannot be sued under § 1983, and therefore should be dismissed as a defendant in this case.").

Anderson County also may not be sued pursuant to § 1983 as it is entitled to Eleventh Amendment immunity as an arm of the state. *Brown v. Wagner*, C/A No. 8:24-cv-04076-BHH-KFM, 2024 WL 5315321, at *3 (D.S.C. Dec. 13, 2024) (finding Anderson Count is not subject to suit under § 1983), *R&R adopted by* 2025 WL 55043 (D.S.C. Jan. 9, 2025). "As a general rule, a county is protected by the Eleventh Amendment, which bars suits by citizens against non-consenting states brought either in state or federal court." *Phagan v. Webber*, C/A No. 8:18-cv-564-TMC-JDA, 2018 WL 4573098, at *7 (D.S.C. Mar. 8, 2018), *R&R adopted by* 2018 WL 3100018 (D.S.C. June 25, 2018). Nevertheless, a county may be sued as a "person" under § 1983 if the alleged unconstitutional action implements or executes a government policy or custom. *See*

8

*Mills v. Greenville Cnty.*, 586 F.Supp.2d 480, 485–86 (D.S.C. 2008) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)).  Thus, to hold Anderson County liable for any of the constitutional violations alleged, Plaintiff must adequately plead that "a policy or well-settled custom of the [County] was the 'moving force' behind the alleged deprivation" of his rights. *Braswell v. Corrections Corp. of America*, 419 F. App'x 622, 627 (6th Cir. 2011); *Monell*, 436 U.S. at 708 (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs").  Plaintiff does not identify any policy or custom implemented by Anderson County that resulted in the alleged unconstitutional actions.  Therefore, Anderson County is entitled to immunity from Plaintiff's § 1983 claims and is subject to summary dismissal from this case.  *See Gibbs v. Florence Cnty.*, C/A No. 0:07-cv-04058, 2009 WL 632540, at *3 (D.S.C. Mar. 11, 2009); *Hill v. Lexington Cnty.*, C/A No. 0:13-cv-1539-DCN, 2013 WL 5203499, at *3 (D.S.C. Sept. 13, 2013).

Plaintiff also purports to sue certain unidentified Defendants.  *See* ECF No. 1-2 at 1–3. However, "a complaint may not stand against only unnamed, unserved defendants." *Whitehead v. Viacom*, 233 F. Supp. 2d 715, 725 n.13 (D. Md. 2002), *aff'd*, 63 F. App'x 175 (4th Cir. 2003). John or Jane Doe suits are not favored in the federal courts.  *See, e.g., Chidi Njoku v. Unknown Special Unit Staff*, No. 99–7644, 2000 WL 903896, at *1 (4th Cir. July 7, 2000).  "A plaintiff who seeks to proceed against unidentified defendants must still 'provide an adequate description of some kind which is sufficient to identify the person involved so that process can be served.'" *Laney v. Six Unknown Officers*, C/A No. 3:13-cv-623-FDW, 2014 WL 2701412, at *3 (W.D.N.C. June 13, 2014) (citations omitted).  Plaintiff has failed to provide sufficient information to identify the unnamed Defendants so that process can be served on them.

9

Accordingly, Plaintiff's claims are subject to dismissal for failure to state a claim and because Plaintiff has failed to name a proper party or identify any individual Defendant responsible for the purported violations of his rights.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, it is recommended that the district court **DISMISS** this action, without prejudice, under Rule 41(b) for failure to prosecute or, in the alternative, pursuant to 28 U.S.C. § 1915 for failure to state a claim, without further leave to amend,[1] and without issuance and service of process.

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

July 22, 2025
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[1] As Plaintiff has been afforded an opportunity to file an amended complaint but failed to correct his pleading deficiencies, the undersigned recommends that this action be dismissed without further leave to amend.

10

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).